UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REGINALD SHANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) 16-4144 |
| JAMES T. DIMAS, *et al.* | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly detained at Rushville Treatment and Detention Facility, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inadequate mental health treatment and a state law claim for intentional infliction of emotional distress. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges that the mental health treatment he receives offers no realistic opportunity for release. In particular, he alleges that he receives less than an hour of treatment per week and that completing the entire treatment program will allegedly take 3,000 hours. Plaintiff alleges that he has consented to treatment and is willing to work on his issues, but that the treatment offered is too limited or too general, leaving him stuck in the third phase of the five-phase treatment plan. He also alleges that the failure to provide adequate treatment for his mental disorder is a breach of the contract between the Illinois Department of Human Services (DHS) and Liberty Healthcare Corporation (Liberty). He pursues two counts: a federal due process claim and a supplemental state law claim for the intentional infliction of emotional distress.

On these allegations, the Court cannot rule out a potential due process claim that the Plaintiff's mental health treatment is constitutionally inadequate. See Hughes v. Farris, 809 F.3d 330 (7th Cir. 2015)(civil detainees in Rushville are constitutionally entitled to "'some treatment,' as determined by mental-health

professionals exercising professional judgment.")(quoted and other cites omitted); Smego v. Payne, 469 Fed.Appx. 470, 474 (7th Cir. 2012)(not published in Fed. Rptr.)("Civilly committed sex offenders have a Fourteenth Amendment right to adequate medical care. . . .[D]efendants do not dispute that Smego's mental disorder . . . constitutes a serious medical need).

    Whether all of the named Defendants are personally responsible for the alleged lack of treatment is a determination that should await a developed record.  Plaintiff names as two of the Defendants James Dimas (the DHS Secretary) and Herbert Caskey, who appears to be the Chief Executive Officer of Liberty Healthcare Corporation.  These Defendants cannot be liable for their subordinate's constitutional violations solely because these Defendants are in charge.  Matthews v. City of East St. Louis, 675 F.3d 703 (7th Cir. 2012) ("To show personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") However, Plaintiff may be making a systemic challenge to the treatment provided that might be attributable to these Defendants. Accordingly, all Defendants will remain in the case for now.

As to Plaintiff's state law claim for the intentional infliction of emotional distress, no plausible inference arises on these allegations that Defendants' conduct is the kind of "truly extreme and outrageous" conduct that might support such a claim. Pavlik v. Kornhaber, 326 Ill.App.3d 731, 744 (1st Dist. 2001)("Liability arises only where the conduct complained of was " 'atrocious, and utterly intolerable in a civilized community.'")(quoted cite omitted). This claim will be dismissed, without prejudice to amending. Additionally, Plaintiff does not specifically pursue a separate count for breach of the contract between DHS and Liberty, but Plaintiff is advised that in order to pursue such a claim he must be a third-party beneficiary of the contract. See Carlson v. Rehabilitation Institute of Chicago, 2016 IL App (1st) 143853, 2016 WL 1051653 *2-3 ("In third-party beneficiary contracts, a party (the promisor) promises to render a certain performance not to the other party (promisee), but rather to a third person (beneficiary).").

**IT IS ORDERED:**

**1.     Pursuant to a review of the amended complaint, the Court finds that Plaintiff states a claim that his mental health treatment is constitutionally inadequate.   This case proceeds**

solely on this claim at this point. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    Plaintiff's state law claim for the intentional infliction of emotional distress is dismissed, without prejudice to amendment.

    3.    Plaintiff's breach of contract claim, to the extent he pursues the claim, is dismissed, without prejudice to amendment.

    4.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    5.    The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have

60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the

**Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

    12.  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

    13.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:     September 20, 2016.

FOR THE COURT:

                   *s/ Sue E. Myerscough*
                    SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE